DOWNEY, Judge.
In this plenary appeal from an adverse summary judgment appellants contend the trial judge erred in nearly every judicial act contained in the record. While we find reversible error was committed, many of appellants’ contentions are meritless.
It appears that appellees sold a condominium to appellants and took back a $50,000 second mortgage, which was due in three months. When appellants failed to pay the mortgage this foreclosure suit was commenced. Appellants answered the complaint and filed several affirmative defenses wherein they claimed a partial failure of consideration because (1) appellees refused to deliver possession timely and (2) appel-lees damaged and removed numerous items of property that were to be conveyed as part of the transaction. Appellees moved to strike said affirmative defenses on the ground that they were irrelevant. The motion to strike was granted without any provision regarding leave to amend. Thereafter, appellees moved for and were granted a summary final judgment.
We hold the affirmative defenses were not irrelevant in a suit to foreclose a mortgage and that it was error to strike them, particularly without leave to amend. Since the case must now be returned to the trial court for further pleading by appellants, many of the claimed errors pertaining to the entry of summary judgment are mooted. However, should the matter again be presented on motion by appellee for summary judgment, the matter of attorney’s fees should not be considered by the court on affidavits over objection of appellants and the original note should be presented to the court and become part of the evidence supporting the judgment of foreclosure.
The judgment appealed from is reversed and the cause is remanded with directions to reinstate appellant’s affirmative defenses and for further proceedings.
REVERSED AND REMANDED with directions.
ANSTEAD and BERANEK, JJ., concur.